DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   frank.riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-00043 YGR |
| Plaintiff, | |
| v. | JOINT STATUS REPORT |
| DANIEL JAMES, et al, | |
| Defendants. | |

      The parties currently are scheduled to appear before the Court on August 19, 2020 for a status conference. The parties submit this report to apprise the Court of the status of the case in advance of the hearing. As the Court will recall, this is a 13-defendant case involving overlapping gun and drug trafficking conspiracies. Since the parties' last report, the following have taken place:

      The following five defendants have pleaded guilty or signed plea agreements: Darrell Murphy, Deantae Kenney-Palmer, Deshawn Lemons-Woodard, Joe Frank, and Paul Rivera;

      The government anticipates that Dale Davis will execute a plea agreement as well;

      The government is continuing negotiations with Cameron Moore-Williams and Darryl Washington and is confident it will reach resolutions with both of those defendants as well; and,

Vernell Thrower has obtained and begun his review of the discovery in this case.

Of the defendants who have not pleaded guilty or signed plea agreements, four are in custody (Cameron Moore-Williams, Vernell Thrower, Darryl Washington, and Sterling Walker) and four are not.

The parties believe it is premature to discuss trial groupings at this point because the current pandemic makes any discussion of trials in the next six months unrealistic, and because there may not be a need for trial groupings if the government reaches resolutions with the three defendants listed above.

For this reason, and to ensure the continuing progress of the litigation, the parties propose that the Court set a briefing schedule to resolve any pre-trial motions (excluding motions in limine). The parties agree that they should litigate any motions to suppress the wiretap evidence first, since that evidence is so significant and the briefing potentially so involved and raises issues common to multiple defendants, followed by other motions to suppress based on the Fourth and Fifth Amendments. To that end, the parties propose the following schedule:

**Wiretap Litigation**

Motion to suppress the wiretap evidence filed on or before November 13, 2020;

Opposition filed on or before December 16, 2020;

Reply filed on or before January 7, 2020;

Hearing Wednesday, January 27, 2020, at 1:00 p.m.

**Other Pre-Trial Motions**

Motions filed on or before February 25, 2021;

Oppositions filed on or before March 25, 2021;

Replies filed on or before April 7, 2021;

Hearing on Wednesday, April 21, 2021, at 1:00 p.m.

The parties suggest that the Court set a status hearing for April 21, 2021, at the same time as the motion hearing, to discuss trial groupings (if any are necessary by that point) and set a trial date.

Finally, counsel for Daniel James may seek to institute proceedings to determine whether Daniel

JOINT STATUS REPORT                                   2
CR 19-00043 YGR

1  James is competent to stand trial.

2      The parties anticipate asking the Court to exclude time between August 19, 2020 and January 27,
3  2020 to allow for the effective preparation of counsel in connection with any motions the defendants
4  may file related to the wiretap evidence. In addition, the Court's General Orders No. 72-4 and 73
5  recognize that, due to the serious public health concerns caused by the COVID-19 pandemic,
6  continuances of District Court proceedings in criminal cases is appropriate to protect defendants,
7  counsel, and Court staff. General Orders No. 72-2 and 73 find that the ends of justice served by
8  exclusions of time under the Speedy Trial Act for the reasons stated in the Order outweigh the interest of
9  the public and the defendants' right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A).

10      IT IS SO STIPULATED.

11  DATED: August 18, 2020　　　　　　　　Respectfully submitted,

12
13  　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　United States Attorney

14
15  　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　FRANK J. RIEBLI
16  　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

17
18  DATED: August 18, 2020　　　　　　　　 /s/ Frank Riebli with permission
　　　　　　　　　　　　　　　　　　　　ERIK BABCOCK
19  　　　　　　　　　　　　　　　　　　　　Counsel for Defendant Daniel James, and on behalf of all
　　　　　　　　　　　　　　　　　　　　remaining defense counsel

JOINT STATUS REPORT　　　　　　　　　3
CR 19-00043 YGR